IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. RAY,<br><br>               Petitioner,<br><br>vs.<br><br>STU SHERMAN, Warden,<br>California Substance Abuse Treatment<br>Facility and State Prison,<br><br>               Respondent. | No. 2:13-cv-02220-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 34] |

      This Court denied James P. Ray, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on August 26, 2015. Docket Nos. 32, 33. Ray filed with this Court a notice of appeal dated September 25, 2015. Docket No. 35. Ray also filed a motion requesting the appointment of counsel. Docket No. 34.

      While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

articulate his claims *pro se* in light of the complexity of the legal issues involved."). Because this case has been fully briefed and adjudicated on the merits, and the Court determined that no Certificate of Appealability should be granted, this Court does not so determine.

The Court notes that, to perfect his appeal, Ray must request a certificate of appealability from the Ninth Circuit Court of Appeals. The Ninth Circuit may issue a certificate of appealability only if Ray makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Ray must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted). The Court further notes that this order is without prejudice to Ray requesting that the Ninth Circuit appoint him counsel.

**IT IS THEREFORE ORDERED THAT** the motion for the appointment of counsel at Docket No. 34 is **DENIED**.

Dated: October 7, 2015.

           /s/James K. Singleton, Jr.
           JAMES K. SINGLETON, JR.
           Senior United States District Judge